■ In the Matter of NOELINE TELESCA, Petitioner. ETHNA M. RAINES, Proposed Conservatee; DISABILITY ADVOCATES, INC., Intervenor-Appellant.—In a proceeding pursuant to the Mental Hygiene Law for the appointment of a committee for Ethna M. Raines, the intervenor Disability Advocates, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), entered October 31, 1989, as denied its motion for the entry of a judgment declaring that, under Mental Hygiene Law article 78, an incompetent has a constitutional right to counsel to represent him/her at the public's expense if the incompetent cannot afford to retain counsel.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In January 1989, Noeline Telesca petitioned, under Mental Hygiene Law article 77 to have a conservator appointed for her mother, Ethna M. Raines. A hearing was held on Ms. Telesca's petition at which the court converted the proceeding into one for a committeeship under Mental Hygiene Law article 78. Ms. Raines was represented by counsel from the Mental Hygiene Legal Services pursuant to Mental Hygiene Law § 78.07 (e). By order dated February 3, 1989, the court appointed a committee for Ethna Raines.

Disability Advocates, Inc., a not-for-profit corporation authorized to act as the protection and advocacy agency for the mentally ill in New York, moved to intervene as of right in the ongoing proceeding concerning Ms. Raines in August 1989. It sought (1) an evidentiary hearing to determine if Ms. Raines still needed a committee or if a conservator would suffice, and (2) appointment of an attorney to represent Ms. Raines. By order dated September 12, 1989, the court granted the motion to intervene, directed an evidentiary hearing, and appointed counsel for Ms. Raines.

Disability Advocates, Inc., then moved for entry of a judgment declaring, *inter alia,* that a proposed ward in a proceeding for the appointment of committee has a constitutional right to counsel and that such counsel must be appointed at public expense if the proposed ward lacks the means to retain counsel.

On September 26, 1989, the evidentiary hearing was conducted to determine whether Ms. Raines needed a committee.

or just a conservator to protect her interests. At this hearing, Ms. Raines was represented by counsel. In the order appealed from, the court held that only a conservator was necessary and dismissed the committee. With regard to the motion for a declaratory judgment, the court held that one was not necessary since the Mental Hygiene Law § 78.03 (e) provides that at any stage of the proceeding the court may appoint a guardian ad litem to represent the interests of the alleged incompetent. Disability Advocates, Inc., appeals from the provision of the order which denied its motion for a declaratory judgment.

Disability Advocates, Inc., is the only party pursuing this appeal. Further, Ms. Raines was represented by appointed counsel in both committeeship hearings and made no complaints to the court regarding the representation. Thus, the question of whether she is entitled to counsel is academic. We find that Disability Advocates, Inc., has not demonstrated that an actual controversy exists and, therefore, pursuant to CPLR 3001, this is not a proper case for invoking the jurisdiction of the court to enter a declaratory judgment. Indeed, what Disability Advocates, Inc., really seeks is an advisory opinion which it may not obtain in this court *(see, Cuomo v Long Is. Light. Co.,* 71 NY2d 349, 354). Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.